IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE COLLINS,

        Plaintiff,                       CV F 04 6601 OWW WMW P

  vs.                                  ORDER

C/O PEREZ,

        Defendant.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the July 2 1, 2005, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at the California Men's Colony at San Luis Obispo, brings this civil rights action against Correctional Officer Perez, an employee of the Department of Corrections at Corcoran State Prison.

        Plaintiff's claims in this complaint stem from his allegations that C/O Perez searched plaintiff's cell, confiscated plaintiff's medication, and refused to return it. Perez also directed a racial epithet at plaintiff. Plaintiff alleges no other conduct as to Perez, and no conduct as to the California Department of Corrections.

On May 10, 2005, the court entered an order dismissing the original complaint with leave to amend.  The court advised plaintiff that his claim of racial discrimination failed, as the conduct by defendant Perez was verbal.  Plaintiff had not alleged facts sufficient to state a claim for relief on an equal protection claim.

In the first amended complaint, plaintiff claims that defendant Perez retaliated against plaintiff for the exercise of his First Amendment rights.  Specifically, plaintiff claims that Perez retaliated against him for filing an inmate grievance regarding Perez's conduct.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) harmed the prisoner and (5) was not narrowly tailored to advance a legitimate correctional goal." Rhodes v. Robinson, 380 F.3d 1123, 1130 (9th Cir. 2004).

In the first amended complaint, plaintiff sets forth a detailed history of his medical care.  Plaintiff does allege that on August 25, 2002, he filed an inmate grievance regarding defendant Perez.  Plaintiff alleges that, "in retaliation for plainitff's continued filing prison grievances and 42 USC § 1983s against defendant, the defendant threatened to continue to punish plaintiff for his exercising first amendment rights."

The court has screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds that it appears to state cognizable claims for relief under 42 U.S.C. § 1983 against defendant Perez for retaliation.   Accordingly, it is HEREBY ORDERED that:

1.  Service is appropriate for the following defendants:

C/O PEREZ

2.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the first amended complaint filed July 21, 2005.

3. Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. Two copies of the endorsed first amended complaint filed July 21, 2005.

4. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   August 29, 2005**          /s/ **William M. Wunderlich**
mmkd34                                            UNITED STATES MAGISTRATE JUDGE